NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HESKETH R., <br><br> Petitioner, <br><br> v. <br><br> WARDEN, ESSEX COUNTY CORRECTIONAL FACILITY, <br><br> Respondent. | Civil Action No. 18-15172 (JLL) <br><br><br> OPINION |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Hesketh R., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition, (ECF No. 15), to which the petitioner replied, (ECF No. 16). For the following reasons, this Court will dismiss the petition for lack of jurisdiction.

## I.    BACKGROUND

Petitioner is a citizen of the United Kingdom who was born in St. Kitts and Nevis. (ECF No. 15-1). Petitioner was admitted into the United States in 1975 on a non-immigrant visa, and later became a lawful permanent resident in June 1983. (ECF No. 15-2). Following multiple convictions in New Jersey including a drug distribution conviction and a conviction for sexual assault, Petitioner was placed in removal proceedings in 1999. (ECF No. 15-6 at 2). On June 7, 2000, an immigration judge ordered Petitioner removed. (*Id.* at 2–3). Petitioner appealed, and the BIA affirmed the removal order in May 2001. (ECF No. 15-7). Petitioner was thereafter removed from the United States in May 2003. (ECF No. 15-8). Several years later, Petitioner illegally re-

1

entered the United States. (*Id.*). He was taken back into immigration custody and his final order of removal was reinstated in March 2007. (*Id.*). Petitioner was then released under an order of supervision in July 2008. (ECF No. 15-9). Petitioner was taken back into custody so that he could be removed in September 2018, and he was removed to St. Kitts on October 17, 2018. (ECF No. 15-11). Although Petitioner is not currently in custody as he was removed, he was in custody at the time he submitted his petition for filing on October 15, 2018. (ECF No. 1).

## II. **DISCUSSION**

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his current habeas petition, (*see generally* ECF No. 1), Petitioner sought not to challenge his then ongoing immigration detention, but instead to challenge his original removal proceedings conducted in 1999 and 2000 which culminated in his original order of removal. Petitioner asserts that he was denied Due Process during his original removal proceedings because the immigration judge who ordered him removed did not inform him of a possible avenue for relief under former

2

statute 22 U.S.C. § 212(c) through which he could potentially waive deportation, and failed to inform him that he could attempt to seek derivative citizenship through his grandmother. Because he was "denied" information regarding these alleged avenues of relief which Petitioner contends were available to him during his original removal proceedings, Petitioner argues he was denied Due Process because he was "deprived of the opportunity to properly assess" these potential forms of relief.

The underlying problem with Petitioner's Due Process claims, however, is that they are directed not at his detention, but instead at his removal proceedings in 2000, which resulted in his reinstated order of removal in 2007. Although District Courts retain habeas jurisdiction to address the constitutionality of an immigration detainee's detention, the REAL ID Act severely limited the jurisdiction of the District Court to review challenges to an alien's underlying removal proceedings. Pursuant to the Act,

> [n]otwithstanding any other provision of law (statutory or nonstatutory), including [28 U.S.C. § 2241], or any other habeas corpus provision, and [28 U.S.C. §§ 1361 and 1651, the statutes which provide the basis for mandamus jurisdiction,] a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus pursuant to [28 U.S.C. § 2241], or any other habeas corpus provision, [28 U.S.C. §§ 1361 and 1651], and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5).

The statute likewise provides that

> [j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to

> remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under [8 U.S.C. § 2241] or any other habeas corpus provision, by [28 U.S.C. §§ 1361 or 1651], or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9).

As the Third Circuit has explained, Congress's goal in passing the REAL ID Act was "to streamline . . . uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review)," which Congress sought to achieve "[b]y placing all review in the courts of appeals [thus providing] an adequate and effective alternative to habeas corpus." *Verde-Rodriguez v. Att'y Gen.*, 734 F.3d 198, 206–07 (3d Cir. 2013). The Real ID Act thus precludes this Court from having habeas jurisdiction to consider challenges to final orders of removal, such as the one Petitioner received when the BIA affirmed his removal order in 2001, as well as challenges to any factual or legal issue, including questions of a constitutional dimension, arising out of the proceedings which resulted in an alien's final order of removal. 8 U.S.C. §§ 1252(a)(5), (b)(9).

In *Verde-Rodriguez*, the Third Circuit dealt with a situation nearly identical to that presented in this matter. Like Petitioner, Verde-Rodriguez sought to challenge the removal proceedings which resulted in his original order of removal which had recently been reinstated pursuant to 8 U.S.C. § 1231(a)(5). 734 F.3d at 205–06. In that case, the Third Circuit concluded that although Petitioner sought to challenge whether his removal proceedings comported with Due Process collaterally rather than by directly attacking his removal order itself, the distinction was without a difference—an alien who "alleges errors on which the validity of the final order [are] contingent" is in effect challenging his final order of removal, and habeas jurisdiction is

4

unavailable for such a claim. *Id.* at 206–07. Jurisdiction for such a claim would only be available in a properly filed petition for review of Petitioner's final order of removal. *Id.* Petitioner's Due Process claims, which seek to directly invalidate the removal proceedings which resulted in his final removal order are directly analogous to those raised in *Verde-Rodriguez*, and this Court has no jurisdiction to review those claims through this habeas petition.[1] Petitioner's petition must therefore be dismissed for lack of jurisdiction.[2]

## III. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition, (ECF No. 1), is DISMISSED for lack of jurisdiction. An appropriate order follows.

Dated April 2, 2019

JOSE L. LINARES
Chief Judge, United States District Court

---

[1] As the Government notes, Petitioner may still have other avenues of relief available to him to the extent that he can prove that he is in some way entitled to derivative United States citizenship. *See, e.g., Juste v. Sec'y United States Dep't of State*, 697 F. App'x 130, 131 (3d Cir. 2017) (alien can seek a declaration of citizenship by filing appropriate documentation with USCIS). This Court lacks jurisdiction to hear any such claim via this habeas petition for the reasons expressed above, however, and would not have jurisdiction to otherwise hear any claim seeking a declaration of citizenship until such time as Petitioner has properly exhausted such claims administratively. *Id.* (aliens are "required to raise [their] citizenship through administrative channels before turning to the District Court). Although no relief is available before this Court at this time, Petitioner is free to seek to prove his citizenship claim through the appropriate administrative channels.

[2] As the Third Circuit explained in *Verde-Rodriguez*, a petition for review of a final order of removal must be filed within thirty days of the *original* final order of removal, and not within thirty days of the reinstatement of that order. 734 F.3d at 202–05. Although the Court of Appeals provided that those aliens whose order became final before the REAL ID Act went into effect could file their petition within thirty days of the date the Act was passed, that extension expired on June 11, 2005. *Id.* at 204. As Petitioner did not file his current petition until some seventeen years after his final order of removal and more than thirteen years after the REAL ID Act was passed, any currently filed petition for review would undoubtedly be deemed untimely pursuant to *Verde-Rodriguez*. *Id.* at 203–05. A transfer of this matter to the Court of Appeals would therefore not be in the interests of justice, and this matter must be dismissed.

5